IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,                      :
                                      :
          Plaintiff                   :
                                      :
     v.                               :    CIVIL NO. 3:CV-14-1421
                                      :
SCI-ROCKVIEW MEDICAL STAFF,           :    (Judge Conaboy)
ET AL.,                               :
                                      :
          Defendants                  :

_____

## MEMORANDUM
## Background

     Julio Christian, an inmate presently confined at the

Rockview State Correctional Institution, Bellefonte, Pennsylvania

(SCI-Rockview), filed this pro se civil rights action.  Named as

Defendants are the following SCI-Rockview employees: Warden,

Superintendent, and Medical Staff.[1]  See Doc. 1, p. 1.  Service of

the Complaint was previously ordered.

     The Complaint generally contends that the SCI-Rockview

Medical Staff was deliberately indifferent to Plaintiff's serious

medical need.  As a result, Christian contends that he cannot move

the middle finger of his left hand.[2]  Plaintiff further asserts

that he was denied proper pain and anti-inflammatory medication.

_____

1.  The Warden and Superintendent refer to the same individual,
SCI-Rockview Superintendent Glunt.

2.  In an opposing brief Plaintiff indicates that after the filing
of this action he was taken to an outside hospital for orthopedic
surgery on December 2, 2014.  See Doc. 25, p. 3.  In light of being
afforded that treatment, Christian describes his pending action as
asserting a claim that there was a six month delay in being
provided with proper medical care for his finger injury.

Defendants responded to the Complaint by filing a motion to dismiss for failure to state a claim.  See Doc. 23.  The opposed motion is ripe for consideration.

## Discussion

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Iqbal, 556 U.S. at 678.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 679.

2

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Superintendent Glunt**

The initial argument for dismissal asserts that the Complaint fails to allege any personal involvement by Superintendent Glunt in any unconstitutional acts.  See Doc. 24, p. 4.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207

3

(3d Cir. 1988).  Rather, each named defendant must be shown, via

the complaint's allegations, to have been personally involved in

the events or occurrences which underlie a claim.  See Rizzo v.

Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials,

546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have
> personal involvement in the alleged wrongs. . .
> .  [P]ersonal involvement can be shown through
> allegations of personal direction or of actual
> knowledge and acquiescence.  Allegations of
> participation or actual knowledge and
> acquiescence, however, must be made with
> appropriate particularity.

Rode, 845 F.2d at 1207.

Superintendent Glunt is clearly employed in a supervisory

capacity at SCI-Rockview.  Second, there are no allegations that

the Superintendent was personally involved in the Plaintiff's

medical care.  Likewise, there are no factual assertions set forth

in the Complaint which could establish that Defendant Glunt

directed or acquiesced in any alleged denial or delay in

Christian's medical treatment.  In fact, the Complaint contains no

factual allegations whatsoever regarding Superintendent Glunt.

Based upon the standards announced in Rode, Glunt is clearly

entitled to entry of dismissal since it is apparent Plaintiff is

attempting to establish liability against him solely on the basis

of his supervisory capacity within SCI-Rockview.

It is also possible that Plaintiff may be attempting to

establish liability against Glunt due to his responses or non-

response to access to the court related administrative grievances

or complaints  Prisoners have no constitutionally protected right

to a grievance procedure.  See Jones v. North Carolina Prisoners'

4

Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Pursuant to those decisions, any attempt by Plaintiff to establish liability against Defendant Glunt based upon the handling of his administrative grievances or complaints does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion, the request for dismissal in favor of Superintendent Glunt will be granted.

5

**Medical Staff**

It is next argued that SCI-Rockview Medical Staff is not a person for purposes of § 1983 and therefore not a properly named Defendant.  <u>See</u> Doc. 24, p. 7.

A prison or correctional facility is not a person within the meaning of § 1983.  <u>See</u> <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.).  The Court of Appeals in <u>Fischer</u> also recognized that a prison's medical department may not be sued under § 1983 since it is not a person. See <u>Fischer</u> 474 F.2d at 992; <u>see</u> <u>also</u> <u>Stanley v. Delaware Co. Medical Dept.</u>, 1991 WL 29928 *1 (E.D. Pa. Feb. 27, 1991)(prison medical department clearly not a person for purposes of § 1983).

Based upon an application of the above standards, the SCI-Rockview medical Staff is not a person amenable to suit under § 1983.  <u>See</u> <u>Thompkins v. Doe</u>, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).  Accordingly, the motion to dismiss will be granted.[3]

                    S/Richard P. Conaboy_____
                    RICHARD P. CONABOY
                    United States District Judge

DATED: AUGUST 12, 2015

---

3.  In the event, that Plaintiff can identify **by name** any medical staff member or other prison official who was personally involved in an unwarranted delay in the medical treatment for his finger injury he may seek reconsideration of this determination within fourteen (140 days of the date of this memorandum.